# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

NORFOLK AND WESTERN RAILWAY CO. v. MUNDY.

November 18, 1909.

Absent, Buchanan, J.

1. TRIAL—*Construction of Writings.*—The construction of all written instruments adduced in evidence belongs exclusively to the court.

2. DAMAGES—*Covenant of Seisin.*—The measure of damages for the breach of a covenant of seisin, where nothing passes by the deed, is the consideration paid, with interest.

3. ESTOPPEL—*Decree Against Grantee—Notice to Grantor.*—Where the grantor and grantee in a deed of conveyance are impleaded in the same suit to require them to restore to the plaintiff water rights previously granted to him by said grantor and subsequently diverted by said grantee, and the suit is dismissed as to the grantor on his motion and against the protest of the plaintiff, the grantor is estopped to deny the binding effect of the decree made against his grantee.

4. ESTOPPEL—*Decree Against Covenantee—Notice to Covenantor—Res Judicata.*—It is a common practice to give notice to one bound by a covenant of title of the pendency of a suit involving such title, to appear and defend; and if upon such notice he fails or refuses to do so, he is as much bound by the judgment or decree in the case as if he had been formally impleaded.

5. PLEADING—*Pleas Amounting to General Issue—Refusal to Reject.* Pleas which amount to the general issue should, upon request, be rejected, though the failure to do so does not of itself constitute reversible error.

Error to a judgment of the Circuit Court of Botetourt county in an action of covenant. Judgment for the plaintiff for a small portion of its claim. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*E. M. Pendleton, Marshall McCormick* and *Theodore W. Reath,* for the plaintiff in error.

*Benjamin Haden,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This action was brought by the Norfolk and Western Railway Company against the defendant in error, Mundy, to recover damages for a breach of covenant, involving the alleged false representation that the defendant was the owner of a certain water right in connection with a stream flowing through a race across plaintiff's right of way, which the company rested under contractual obligation to maintain; from which obligation the defendant, in consideration of $500, undertook to release the plaintiff.

In the indenture of release the defendant granted to the plaintiff the right to fill in its trestle at the point in question, providing only one culvert for the passage of the waters of the stream. It transpired that prior to the execution of the deed of release the defendant had conveyed his interest in a foundry and machine shop lot, to which the water right was appurtenant, to the Riverside Land Company. After sundry intermediate alienations the property was purchased by Obenchain, who filed a bill in equity against the railway company and Mundy to require them to restore his water rights, the flow of the water having been diverted by filling in the company's trestle.

The circuit court granted the relief prayed for, and its decree was affirmed by this court on appeal. *Norfolk & Western Ry. Co.* v. *Obenchain,* 107 Va. 596, 59 S. E. 604.

It will thus be seen that Mundy's attempted release of the company from its obligation to maintain the water right was inoperative by reason of his having previously disposed of his interest in the subject matter.

To the present action the defendant pleaded the general issue

and certain special pleas, and thereupon the jury returned a verdict for the plaintiff for $77.41.

The ruling of the trial court in denying the motion of the plaintiff for a new trial, and in entering judgment upon the verdict constitutes the ground of this writ of error.

The court's refusal to strike out plea No. 2, in which the defendant seeks to set off the estimated value of a roadway under the trestle, which was destroyed by the fill, against the plaintiff's demand, and permitting the introduction of parol evidence in support of the plea, and refusing to give instruction "B" at the instance of the plaintiff, together constitute the *crux* of the case. It will be more satisfactory, therefore, to consider these assignments concurrently.

The instruction is as follows: "The court instructs the jury that the only thing conveyed by James Mundy to the Norfolk and Western Railway Co. by his deed filed with the plaintiff's declaration was the release of the obligation that said railway company was under not to interfere with the water right, at the water wheel at the machine shops, which it was bound to maintain under the deed from Echols to the S. V. R. R. Co.; and that the decree of this court entered June 25, 1906, in the case of *D. C. Obenchain* v. *N. & W. Ry. Co.* is conclusive evidence that at the time Mundy attempted to convey said right to the N. & W. Ry. Co. he did not own said water right, but had conveyed it to the Riverside Land Co. on the 1st of October, 1890, and, therefore, the N. & W. Ry. Co. acquired nothing by Mundy's deed to it, and such being the case, the plaintiff is entitled to recover the full amount it paid Mundy for said release—i. e., $500.00, with interest thereon from the 30th of April, 1901."

The general rule is well settled that the construction of all written instruments adduced in evidence belongs exclusively to the court. *Washington, &c., R. Co.* v. *Lacey,* 94 Va. 460, 26 S. E. 834; *New River Min. Co.* v. *Painter,* 100 Va. 507, 42 S. E. 300.

It is also a well settled rule that the measure of damages for the breach of a covenant of seisin, where nothing passes by the deed, is the consideration paid, with interest. *Building, L. & W. Co.* v. *Fray,* 96 Va. 565, 32 S. E. 58.

We are moreover of opinion that Mundy was bound by the proceedings in the Obenchain suit. He was impleaded along with the Norfolk and Western Railway Company, and on his own motion, against the protest of his codefendant, the suit was dismissed as to him, on the ground that he was not a necessary party to the litigation. Without pausing to inquire into the correctness of that ruling, it is sufficient to say that the railway company insisted that he be retained as a party to aid in the defense of the suit, so that there might be a decree over against him in the event of an adverse decision. Under these circumstances Mundy is clearly estopped to deny the binding effect of the decree in that litigation.

It is common practice to give notice to one bound by a covenant of title of the pendency of a suit involving such title to appear and defend; and if upon such notice he fails or refuses to do so he is as much bound by the judgment or decree in the case as if he had been formally impleaded. Rawle on Cov. of Title (5th ed.), sec. 117, *et seq.; Morgan* v. *Haley,* 107 Va. 331, 58 S. E. 564.

Instruction "B" contains a correct statement of the principles of law sought to be inculcated, and was pertinent to the questions at issue, and ought to have been given. As a corrollary to that proposition, plea No. 2 should have been rejected, and it was error to admit parol evidence to sustain its averments, and to vary, contradict or add to the plain and unambiguous terms of the deed of release.

The circuit court, in like manner, erred in overruling the plaintiff's motion to strike out special pleas No. 4 and No. 5. The averments of these pleas are equivalent to the general issue, and in such case the rule is to reject the special pleas, though the failure to do so does not of itself constitute reversible error.

For the foregoing errors the judgment must be reversed, the verdict of the jury set aside, and the case remanded for a new trial to be had therein not in conflict with the views expressed in this opinion.

*Reversed.*