## Wytheville.

## GUARANTY TITLE AND TRUST CORPORATION v. VIRGINIA-CAROLINA TIE AND WOOD COMPANY, INCORPORATED.

June 13, 1929.

The opinion states the case.

*Williams, Loyal & Taylor* , for the plaintiff in error

*Savage & Lawrence*, for the defendant in error.

CHICHESTER, J., delivered the opinion of the court.

The Virginia-Carolina Tie and Wood Company, Incorporated (plaintiff in the court below, defendant in error here), hereinafter referred to as the Tie Company, recovered a judgment for $8,643.61 in the Cir- Court of the city of Norfolk against the Guaranty Title and Trust Corporation (defendant in the court below and plaintiff in error here), hereinafter called the Title Company. The action was for recovery on a title guaranty policy issued by the Title Company

to the Tie Company in the year 1921, guaranteeing the title to certain tracts of land in Camden county, North Carolina, purchased by the Tie Company about the date of the policy.

The Tie Company claims to have lost title to a part of the lands, title to which was guaranteed by the Title Company, as the result of a suit against the Tie Company in Camden county, North Carolina, instituted by Skinner and Toxey, in which superior record title to one of the tracts of land guaranteed by the Title Company was established.

In accordance with the terms of the title guaranty policy the Tie Company notified the Title Company of the suit of Skinner and Toxey, and called upon the Title Company to defend the suit. The title guaranty policy in question provided that the Title Company would "at its own cost, defend the assured in all actions or proceedings founded on a claim of title encumbrance prior in date to this contract and thereby guaranteed against." The Title Company declined to defend the suit of Skinner and Toxey, and it resulted in Skinner and Toxey being adjudged to be the record fee simple owner of one of the tracts of land covered by the title guaranty policy, containing 439½ acres. Thereupon the instant action was brought by the Tie Company against the Title Company for the recovery of $8,643.61, being the purchase price of the land lost together with costs of defending the Skinner and Toxey suit.

The Title Company policy undertook to guarantee the Tie Company "against all loss and damage, not exceeding $53,000.00, which the said assured shall sustain by reason of any legally enforced claims disclosed by the record at the date of this contract." There is no dispute as to the meaning of the policy.

Both parties agree that in order to render the Title Company liable under the terms of the policy the Tie Company must have lost the land, or a part of it, as a result of a legally enforced claim disclosed by the record. In other words, the Tie Company, in order to recover must have lost the land to a superior record title and not by adverse possession or by encroachments. In presenting its case, the Tie Company introduced in the court below a transcript, certified under the Acts of Congress, of the proceedings in the case of Skinner and Toxey against it in Camden county, North Carolina. The Tie Company introduced practically no evidence other than this record of the North Carolina court, and the Title Company introduced no evidence at all.

The Tie Company contends that this transcript shows that the claim on which the title to the land had, by the North Carolina court been adjudicated to be in Skinner and Toxey, was based on a grant from the State of North Carolina to one Gregory, dated November 27, 1789, and recorded in Camden county, North Carolina, on August 4, 1792, and that Skinner and Toxey connected themselves by an unbroken chain of recorded deeds to this grant. It is further contended that the transcript of the record showed that the record title of the Tie Company, which the Title Company had guaranteed, was imperfect, and as a consequence the only claim of title which the Tie Company could make in the North Carolina suit was that of having been in possession adversely, under color of title, and this defense it could not sustain.

The Title Company, in the instant case, contended that there was no evidence upon which a verdict for the Tie Company could be based, that the transcript

of the record of the North Carolina court could only be considered by the court below as evidence of the fact that the land had been lost to the Tie Company, and that even if it could be considered for any other purpose it did not show whether the Tie Company lost the land through superior record title in Skinner and Toxey, which would render the Title Company liable, or by reason of adverse possession, which would not render it liable.

It is very apparent therefore what the issue was in the court below and what it is here.

There being no dispute as to the facts this issue resolved itself into one of law. The trial court took the view maintained by the Tie Company, and in construing the written evidence, that is, the transcript of the record, gave an instruction which concluded the case so far as that court was concerned. (See instruction No. 1 marginal note, p. 705.) It later refused to set the verdict aside as contrary to the law and the evidence.

There are three assignments of error, but they are all embraced in the objection to the action of the court in giving instruction No. 1, in which the jury were told that a proper construction of the transcript of the record made it appear that the land in controversy was, by the North Carolina court, adjudged to be the property of Skinner and Toxey by reason of a superior record title vested in Skinner and Toxey, and that as a consequence the land was lost by the Tie Company by reason of a legal claim disclosed by the records. (See instruction No. 1 marginal note, p. 705.) It followed, as a natural sequence, after the verdict of the jury in favor of the Tie Company had been returned, that the court refused to set the verdict aside.

As heretofore intimated the ground urged in support of the motion to set aside the verdict is that

there is no evidence to show that the loss of the land in question was due to a claim of record. As a preliminary to this contention it was claimed that the North Carolina transcript could not be considered in its entirety but could only be considered to show that the land was lost. The trial court held that the record could be considered in its entirety and that it showed that the land had been lost to a superior record title. (Instruction No. 1 margin, p. 705.) We think there is no great difficulty in disposing of this preliminary question. The whole record of the North Carolina court should be considered.

It should be borne in mind that when this suit in North Carolina was brought against the Tie Company, it promptly notified the Title Company and called on it to defend the suit, which it declined to do. As a consequence the Title Company is as much bound by the judgment in the case as if it had been formally impleaded.

"It is a common practice to give notice to one bound by covenant of title of the pendency of a suit involving such title, to appear and defend; and if upon such notice he fails or refuses to do so, he is as much bound by the judgment or decree in the case as if he had been formally impleaded." *N. & W. R. Co.* v. *Mundy*, 110 Va. 422, 66 S. E. 61.

"When a person is responsible over to another, either by operation of law or by express contract, and he is duly notified of the pendency of the suit, and requested to take upon him the defense of it, he is no longer a stranger, because he has the right to appear and defend the action, and has the same means and advantages of controverting the claim as if he were the real and nominal party upon the record. In every such case, if due notice is given to such persons, the judg-

ment, if obtained without fraud or collusion, will be conclusive against him, whether he has appeared or not." *Washington Gas Co.* v. *District of Columbia,* 161 U. S. 316, 330, 16 S. Ct. 564, 569 (40 L. Ed. 712).

It follows that the Title Company is bound by all that transpired in the North Carolina court.

In the case of *Washington Gas Co.* v. *District of Columbia,* 161 U. S. 316, 16 S. Ct. 564, 40 L. Ed. 712, one Parker sued the District of Columbia for injuries sustained from alleged defective boxes belonging to the gas company on the streets of the district. The district notified the gas company of the suit and afforded it an opportunity to defend. Parker obtained judgment against the district, and thereupon the district sued the gas company for the recovery of the amount of such judgment. The syllabus of this case reads, in part, as follows: "In such action, for the purpose of ascertaining the subject matter of the controversy between the person who was injured and the district, and fixing the scope of the thing adjudged, the entire record, including the testimony offered, may be examined.

"The judgment against the district, rendered after notice to the gas company, and after opportunity afforded to defend, is conclusive of the liability of the company to the district."

Mr. Justice White, in delivering the opinion of the court, at page 329 of 161 U. S. (16 S. Ct. 569), says: "The contention of the plaintiff was that the judgment in the first action was based on the liability of the district for the defective gas box, and was conclusive as against the defendant in this suit. The elementary rule is that for the purpose of ascertaining the subject-matter of a controversy, and fixing the scope of the thing adjudged, the entire record, including the testimony offered in the suit, may be examined."

■ If we are correct in our view that the whole transcript should have been considered by the trial court, then the only question is whether that record shows that the Tie Company was divested of its title by a superior record title. It will be recalled that the Title Company introduced no evidence in the court below, so that the case is here practically on a demurrer to the evidence. We think, in the absence of any proof to the contrary, the transcript of the record from the North Carolina court shows sufficiently that the Tie Company lost the land on account of the Gregory patent above mentioned and not by reason of adverse possession or because of encroachments. Skinner and Toxey connected their record title by an unbroken chain of deeds with the Gregory patent. The deed book and page where each deed was recorded in Camden county were shown, thereby establishing the fact that the claim under which Skinner and Toxey were awarded the land was disclosed by the record. No objection was made to this evidence as contained in the transcript of the record as being secondary or inadmissible. The only objection made to the transcript of the record when offered was that the deeds themselves were not set out by the record *in extenso.*

The trial court took the view of the situation as we have set it out above as is evidenced by the giving of Instruction No. 1 (see marginal note*) and we think

*The Court instructs the jury that the duty of construing the transcript of the record in the case of *Skinner and Toxey* v. *Virginia Carolina Tie and Wood Company,* filed in evidence is upon the court, and in pursuance of that duty the court instructs the jury that a proper construction of the said transcript of the record makes it appear that the 329.5 acres of land in controversy was by the North Carolina court adjudged to be the property of Skinner and Toxey by reason of a superior record title adjudged by the said court to be vested in Skinner and Toxey, and not by reason of adverse possession of or encroachment upon the said land by the said Skinner and Toxey; that is to say, the court instructs the jury that it appears from a proper construction of the said transcript of the record offered in evidence that the loss of the said land in controversy was sustained by the plaintiff by reason of a legally enforced claim disclosed by the records at the date of the title policy in evidence.

■

there was no error in the action of the court. Certainly none has been pointed out to us which would justify reversal of its judgment. There is nothing in the transcript of the record from the North Carolina court which indicates that Skinner and Toxey relied on adverse possession to establish their claim in the North Carolina court. On the contrary Skinner and Toxey relied entirely upon their record title under the Gregory grant. Under the circumstances the judgment of the trial court should be affirmed.

*Affirmed.*