**CAVALIER–JEFFERSON CORP.**

v.

**CONNECTICUT MUT. LIFE INS. CO.**

**No. 6708.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 7, 1954.

Decided Feb. 5, 1954.

orandum Opinion assigning grounds for sustaining the defendant's motion for directed verdict. Plaintiff has duly appealed to us. We think the decision below was clearly right and must, therefore, be affirmed.

The Cavalier-Jefferson Corporation, the owner and operator of the Cavalier Hotel at Virginia Beach, Virginia, and the Jefferson Hotel in Richmond, Virginia, in the summer of 1949 desired to negotiate a mortgage loan, the proceeds of which were to be used to (a) discharge existing indebtedness of the corporation and (b) provide funds to defray an extensive improvement project on its Jefferson Hotel properties. The firm of Goodman-Segar-Hogan, Incorporated, in some manner learned of the desire of Cavalier-Jefferson Corporation to negotiate such loan. Mr. Hunter Hogan, a member of the firm, approached Sidney Banks, President of the plaintiff, and stated that his firm was in a position to negotiate and arrange the loan. Mr. Hogan then got in touch with the defendant, which was immediately interested in the loan, and had its representative go to Virginia Beach for the purpose of ascertaining if the loan could be satisfactorily arranged. At Virginia Beach, this representative talked with Sidney Banks, President of the plaintiff, and the preliminary negotiations indicated that the parties would be able to get together on the loan.

The facts leading to the employment of Rumble as closing attorney to handle the details in connection with the loan are not entirely clear. The evidence tends to indicate that the employment of Rumble was suggested to the defendant by Hogan, who was designated by plaintiff, in its loan application, as "our Agent to negotiate such loan." This suggestion was approved by both defendant and plaintiff. From defendant's brief, we quote:

> "The officers of Connecticut Mutual may not have known that Rumble was actually named as Assistant-Secretary and General Counsel in the corporate charter of Cavalier-

Henry M. Jarvis, Norfolk, Va. (W. R. Ashburn and Williams, Mullen, Pollard & Rogers, Richmond, Va., on the brief), for appellant.

Joseph L. Kelly, Jr., Norfolk, Va. (Williams, Cocke & Tunstall, Norfolk, Va., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

Cavalier-Jefferson Corporation filed a civil action in the United States District Court for the Eastern District of Virginia against The Connecticut Mutual Life Insurance Company. This case arose out of a mortgage loan transaction in which the plaintiff was mortgagor and defendant was mortgagee. The attorney, Gerould Rumble, in charge of closing the loan, embezzled part of the loan proceeds placed in his hands and thereafter died insolvent. It is the amount thus lost which the plaintiff brought this action to recover from the defendant.

Trial was had in the District Court before the District Judge, and a jury. At the conclusion of the presentation of the evidence on behalf of both plaintiff and defendant, the District Judge granted the motion of defendant for a directed verdict. The District Judge filed a Mem-

Jefferson, but the very evidence introduced by the plaintiff shows specifically that they knew he was regular counsel for the borrower."

In some respects it appears that Rumble acted for plaintiff, in others for defendant—an always unfortunate relationship, which, when as here the interests of the parties conflict, too often leads to tragic results.

After negotiations between plaintiff and defendant and Lawyers Title Insurance Company, the loan was finally made in the sum of $1,200,000. A receipt for the entire amount of the loan was executed by Banks on behalf of plaintiff. This receipt, left undated with Rumble, was subsequently dated October 10, 1949, and was delivered to defendant by Rumble.

Plaintiff also signed the following instrument:

"The Connecticut Mutual Life
Insurance Company

"I hereby direct you, and this will be your authority, to pay $19,875.40 of the proceeds of the loan granted me on October 3rd, 1949, to Gerould M. Rumble, Attorney.

"This 3rd day of October, 1949.
"CAVALIER-JEFFERSON
CORPORATION
"By /s/ Sidney Banks
"President        Signature"

In pursuance of this authorization, this money was paid to Rumble for the purpose of paying taxes on the mortgaged property and paying the premium on the title insurance policy. Rumble failed to pay these taxes and this premium and embezzled the money thus paid to him. These payments were made by plaintiff under a stipulation with defendant that such payment should not prejudice any right the plaintiff might have to recover this amount from the defendant.

■ In the light of this receipt and more particularly of this express authorization, we think, as did the District Judge, that this loss must fall on plaintiff. Said the District Judge:

"* * * all of the money belonged to the plaintiff, and the plaintiff itself not only authorized but directed payment of the portion in suit to Rumble. Clearly the defendant could not be liable for the resulting loss through Rumble. * * *

*    *    *    *    *    *

"Again, the lender having waived payment of 1949 taxes could not have insisted that Rumble hold their amount in suspense or hold the amount as lender's agent to assure their payment. Lender could not have sued Rumble to enforce his application of this money to 1949 taxes. But the borrower could have done so. This is true too of the title insurance premium and other expenses due Lawyers Title Insurance Company. Thus, Rumble's failure to account was a failure to account for borrower's money, and it is borrower's loss."

And Rumble was the general counsel as well as a corporate official of plaintiff.

■ In support of its right of recovery, plaintiff quotes the rule that where one of two innocent persons must suffer for the wrongful act of a third party, the one who is most at fault in letting it be brought about (or, as it is sometimes phrased, "the one who made the wrong possible") must bear the loss; but as Judge Northcott, speaking for our Court, said in Atlantic Life Insurance Co. v. Rowland, 4 Cir., 22 F.2d 126, 129:

"A study of cases involving situations similar to the one here discloses a conflict of authority, and the opinions seem very much divided on the question as to whether or not the absconding attorney is the agent of the lender; but there is no conflict in the authorities as to the fact that each case must be settled according to the peculiar conditions surrounding it, nor could there well be any settled rule or fixed principle applicable to all cases of this character."

Yet, even if the rule be applied here, it hardly helps the plaintiff; for it was

the plaintiff, by its authorization and direction of the payment of this money to Rumble, which was "most at fault in letting it (the wrong) be brought about," or also "made the wrong possible."

Plaintiff is not helped here by the case of McFaddin v. Bland, 147 S.C. 27, 144 S.E. 592, upon which it heavily relies. And against it, in addition to Atlantic Life Insurance Co. v. Rowland, supra, is the Virginia case of Kirkpatrick & Howard v. Warden, 118 Va. 382, 87 S.E. 561.

In full knowledge of the fact that checks for the funds in question, payable to Rumble alone, were being put into his hands, in pursuance of plaintiff's express authorization, the President of the plaintiff corporation signed and left with Rumble for delivery to Connecticut Mutual a written acknowledgment that the whole proceeds of the loan had been duly paid. Plaintiff cannot now assert the contrary, and demand that a portion of these proceeds be paid a second time.

The judgment of the District Court is affirmed.

Affirmed.