709 F.2d 3
 Thomas Leroy JACOBS and Linda Lee Jacobs, Appellees,
v.
CHICAGO TITLE INSURANCE COMPANY, Appellant,
and
James A. Gondles, Jr., Administrator, d.b.n. Estate of
Nicholas Kapnistos; Navy Federal Credit Union;
William Frank Holden and Jean H. Holden,
Defendants.
 No. 82-1822.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 11, 1983.
Decided June 8, 1983.
 
 Marshall H. Brooks, Arlington, Va. (Friedlander, Friedlander & Brooks, P.C., Arlington, Va., on brief) for appellant.
 David D. Chapman, for appellees.
 Before WINTER, Chief Judge, ERVIN, Circuit Judge, and ALDRICH,* Senior Circuit Judge.
 ERVIN, Circuit Judge:
 
 
 1
 This diversity action arose out of a real estate transaction in which all the parties--sellers, purchasers, real estate broker, mortgagee, and title insurer--used a single settlement attorney, who misappropriated the monies deposited with him.
 
 
 2
 The plaintiffs, Thomas and Linda Jacobs, sold a house in Arlington, Virginia, to defendants William and Jean Holden for $90,000, the closing taking place on August 1, 1979. Outstanding against the property was a deed of trust securing a promissory note to Baker Mortgage Corp. which had been assigned to Colonial Mortgage Service Co. and which had an unpaid balance of $53,146.22. Also outstanding was a second deed of trust securing a note to Vincent and Vonda Davis with an unpaid balance of $36,427.50. The Davises' note was also secured by a mortgage on real estate owned by the Jacobses in Hawaii. The Holdens purchased the house with the aid of a $75,000 loan from the Navy Federal Credit Union, to be secured by a new first deed of trust on the Arlington house. The proceeds of the sale, and an additional $6,273.51 contributed by the Jacobses, were to be applied to pay the existing notes held by Colonial Mortgage and by the Davises. All parties used as attorney Nicholas Kapnistos, who was to receive and disburse all monies and prepare and record all legal documents.
 
 
 3
 On August 2, Kapnistos recorded the deed from the Jacobses to the Holdens and the deed of trust from the Holdens to Navy Federal. Kapnistos also subsequently certified to Chicago Title Insurance Company that the two old notes had been paid. Pursuant to this certification, Chicago Title issued a title insurance policy in the amount of $75,000 to Navy Federal, insuring its deed of trust, and a $90,000 policy to the Holdens, securing their title to the property subject to the Navy Federal claim. Unfortunately, Kapnistos' certification was false; the old notes had not been paid. Kapnistos did receive the proceeds of the Navy Federal loan ($73,875), the remaining amount of the purchase price from the Holdens ($15,140.42), and $6,273.51 from the Jacobses, but he failed to disburse these monies to satisfy the old trust deeds. On September 16, Kapnistos died, leaving insufficient funds in his estate to cover his financial obligations. Chicago Title subsequently paid the notes held by Colonial Mortgage and the Davises pursuant to its policy obligations, and took assignment of the Davises' note and of their liens on the Arlington house and the Jacobses' Hawaii property.
 
 
 4
 On March 2, 1980, the Jacobses filed an action in federal court, naming as defendants James A. Gondles, the administrator of Kapnistos' estate, Chicago Title, the Holdens, and Navy Federal. They asked for money damages in the amount of the purchase price of the house or, in the alternative, releases by Chicago Title from the deed of trust on the house assigned by the Davises and from the lien on their Hawaii property. In either event they asked for the return of the sum of $2,395.80, which they had deposited with Kapnistos to be applied to the old deeds of trust subsequent to the closing. Chicago Title filed a counterclaim against the Jacobses and against Kapnistos' estate, seeking reimbursement of the sums it was required to pay out under its title insurance policies.
 
 
 5
 After a trial to the district court on a stipulated statement of facts, exhibits, admissions by the parties, and some limited testimony, the court found the following as facts:
 
 
 6
 (1) Kapnistos was acting as attorney for all parties involved in the transaction;
 
 
 7
 (2) Kapnistos was specifically approved by Chicago Title to act as its special counsel in the matter;
 
 
 8
 (3) All parties were innocent of any reasonable apprehension that Kapnistos would prove dishonest;
 
 
 9
 (4) Neither the Jacobses nor the Holdens exercised any real control over the transaction's financial arrangements;
 
 
 10
 (5) Chicago Title, Navy Federal, and the real estate broker, were in a better position to monitor Kapnistos than were either the Jacobses or the Holdens.
 
 
 11
 The district court then identified as dispositive the principle, long recognized both by this court and by the Supreme Court of Virginia, that "whenever one of two innocent persons must suffer by the acts of a third, he who has enabled such third person to occasion the loss must sustain it," Cleve v. Craven Chemical Co., 18 F.2d 711, 715 (4th Cir.1927). Accord, Cavalier-Jefferson Corp. v. Connecticut Mutual Life Insurance Co., 210 F.2d 542 (4th Cir.1954) (applying Virginia law); Kirkpatrick & Howard v. Warden, 118 Va. 382, 87 S.E. 561 (Va.1916). Applying this principle to its factual findings, the court concluded that Chicago Title and Navy Federal were most at fault and should bear the loss, if any, resulting from Kapnistos' defalcation. The court therefore ordered Chicago Title to release its lien on the Jacobses' Hawaii property. The court also entered judgment for the Jacobses against Kapnistos' estate for the $2,395.80 which they transmitted to him after the closing. The Jacobses' claim for money damages against the other defendants was denied, as was Chicago Title's counterclaim against the Jacobses. Chicago Title was awarded a judgment for $90,694.72 against Kapnistos' estate.[1]
 
 
 12
 We have reviewed the record on appeal and we discern no error in the district court's findings of fact or in its application of the Cleve principle to those findings. Therefore, the decision of the district court is
 
 
 13
 AFFIRMED.
 
 
 
 *
 Honorable Bailey Aldrich, United States Circuit Judge for the First Circuit, sitting by designation
 
 
 [1]
 The practical value of the judgments against Kapnistos' estate is uncertain. At oral argument we were informed that the estate has on hand around $70,000 to satisfy approximately $300,000 in claims against Kapnistos