991 F.2d 790
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lyle D. NOLL; Wendy Noll, Plaintiffs-Appellants,
v.
STEWART TITLE GUARANTY COMPANY, a Texas corporation;
Stewart Title of greater Washington, Incorporated,
a Virginia corporation, Defendants-Appellees,
and Robert L. Cleveland, Jr., Third Party Defendant.
 No. 92-1125.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 30, 1992
Decided: February 19, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-90-1676-A)
 William Daniel Cremins, WALSH & CREMINS, P.C., Fairfax, Virginia, for Appellants.
 Michael McGettigan, MURPHY, MCGETTIGAN & WEST, P.C., Alexandria, Virginia, for Appellees.
 Cecily V. Schulz, MURPHY, MCGETTIGAN & WEST, P.C., Alexandria, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before NIEMEYER, Circuit Judge, and SPROUSE and CHAPMAN, Senior Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Lyle D. and Wendy Noll, the appellants, lost the proceeds from the sale of their house when the funds were misappropriated by the attorney whom they hired to conduct the sale. They now seek to recover the funds from the purchaser's title insurance company, contending that the attorney was also an agent for the purchaser, its lender, and its title insurance company. The Nolls filed this federal suit, however, only after having been denied relief by a state court which found that at the closing the attorney was only the agent of the Nolls. Although the Nolls sued different parties in the state court and asserted a legal theory different from that asserted in their federal suit, the district court, applying Virginia's doctrine of collateral estoppel, relied on the state court's finding to deny the Nolls relief. We conclude that the district court properly determined the preclusive effect of the prior state decision, and affirm.
 
 
 2
 In the spring of 1987, when the Nolls decided to sell their house in Virginia and move to Florida, they hired Robert L. Cleveland, Jr., an attorney, to handle the negotiation and sale. Cleveland negotiated a sale of the Nolls' house for $400,000 to DAK Properties, Inc., which then obtained financing for a portion of the purchase price from United Savings Association. To protect the collateral for its loan, United Savings obtained title insurance from Stewart Title Guaranty Company through its agency, Stewart Title of Greater Washington, Inc. (collectively Stewart Title). Cleveland was on Stewart Title's list of "approved" attorneys and thus conducted the closing. At closing, which took place in August 1987, Cleveland accepted, as part of the purchase price, the loan proceeds from United Savings in the form of a check in the amount of $210,000 made payable to him. Cleveland thereafter sent a deed to the Nolls in Florida, who executed and returned it, and Cleveland properly recorded it.
 
 
 3
 Unfortunately, all the loan proceeds were lost when Cleveland's bank, where the $210,000 were deposited, took the money to cover bad checks he had written in unrelated matters. Not only did the Nolls not receive any of this money, they had to expend additional funds to pay off a first deed of trust, a cost which was to have been met from the United Savings loan. Cleveland has not repaid any of this money and has not otherwise answered to the Nolls for his mishandling of these funds.
 
 
 4
 The Nolls argue that under the theory of Jacobs v. Chicago Title Insurance Co., 709 F.2d 3 (4th Cir. 1983), Stewart Title, because of the title insurance policy it issued, should compensate them for the loss caused by Cleveland. In Jacobs an attorney, acting for all parties to the real estate transaction and specifically approved by the title insurance company, misappropriated settlement funds. Under the theory that as between two innocent parties, the one that enabled a third party to cause a loss must bear that loss, we held that the title insurance company had to release a lien which should have been paid off from the proceeds of sale. Id. at 5. Cleveland, the Nolls argue, was similarly an approved attorney of Stewart Title and because United Savings would not have released the funds to Cleveland but for that status, Jacobs requires that Stewart Title bear the loss caused by Cleveland.
 
 
 5
 The Nolls' effort to hold Stewart Title responsible is complicated by their prior suit filed in the state court against the purchaser, DAK Properties, to rescind the sale and nullify the deed. After a full trial in that case, the Virginia state court held that the Nolls were not entitled to rescission because the purchaser, DAK Properties, satisfied its contractual obligations when it tendered full payment to Cleveland, who was acting at the time solely as agent for the Nolls. Noll v. DAK Properties, Inc., Chancery No. 104954 (Cir. Ct. of Fairfax County, Va., April 1989). In the course of reaching its conclusion, the trial court specifically considered and discussed Cleveland's relationship with DAK Properties and United Savings. The district court relied on the state court's finding to deny the Nolls relief in this case under the doctrine of collateral estoppel, and we believe the district court committed no error.
 
 
 6
 The preclusive effect of a state court decision is determined by state law, and a federal court must give a state judgment the same preclusive effect it would be given by that state. See 28 U.S.C. § 1738; Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985); Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466-67 & n.6 (1982). The Virginia courts apply the doctrine of mutual collateral estoppel, which precludes a party, or those with whom it is in privity, from relitigating an issue actually litigated and essential to a valid final judgment. See Dual & Assoc., Inc. v. Wells, 403 S.E.2d 354, 356 (Va. 1991); Bates v. Devers, 202 S.E.2d 917, 921 (Va. 1974). The doctrine's requirement of mutuality prevents a party who would not have been bound by the judgment had it been resolved the other way from asserting the defense of collateral estoppel. See Dual, 403 at 356; Norfolk & W. Ry. v. Bailey Lumber Co., 272 S.E.2d 217, 219 (Va. 1980).
 
 
 7
 The Nolls argued that in conducting the closing on the sale of their home, Cleveland was an "approved attorney" of Stewart Title, acting for all the parties involved: the Nolls, DAK Properties, United Savings, and Stewart Title. Even though the Nolls would like to have litigated that issue to claim the benefit of Jacobs, it is the exact issue litigated and decided in the earlier state proceeding. The Virginia state court considered the role Cleveland played for the other parties to the closing and found that he was acting solely as the agent of the Nolls. Not only was the issue actually determined following a full trial, its resolution was essential to the judgment that the Nolls could not rescind the sale with DAK Properties, because only if DAK Properties had tendered the purchase price to an agent of the seller could it be found to have satisfied its obligation.
 
 
 8
 While Stewart Title was not a party to the state litigation, the requirement of mutuality is met because Stewart Title, as insurance company, did provide the defense to DAK Properties and its lender and therefore was in privity. Indeed, under Virginia law whether or not a title insurer actively participates in a suit resolving title, it is not a "stranger" to the suit as long as it is on notice of the suit. See Guaranty Title & Trust Corp. v. Virginia-Carolina Tie & Wood Co., 148 S.E. 815, 816 (Va. 1929). In this case the district court actually found that Stewart Title had provided DAK Properties with the defense, and such a finding is not clearly erroneous. As all the requirements of mutual collateral estoppel under Virginia law are met, the district court did not err in finding that the Nolls were precluded from relitigating the issue of Cleveland's agency at the closing.
 
 
 9
 Because Cleveland accepted the $210,000 as an agent solely for the Nolls, the Nolls cannot now sustain a claim under the theory of the Jacobs case, since they are precluded from proving that Cleveland was acting for all parties to the sale. See Jacobs, 709 F.2d at 5.
 
 
 10
 Accordingly, the judgment of the district court is affirmed.
 
 AFFIRMED