Present:  All the Justices

BOARD OF SUPERVISORS OF POWHATAN COUNTY
                          OPINION BY JUSTICE ROSCOE B. STEPHENSON, JR.
v.  Record No. 942142
                                    November 3, 1995
REED'S LANDING CORPORATION

              FROM THE CIRCUIT COURT OF POWHATAN COUNTY
                        Thomas V. Warren, Judge


     Pursuant to Virginia's conditional zoning statutes, Code

§ 15.1-491.1 et seq., a locality is empowered to enact a zoning

ordinance that "may include and provide for the voluntary

proffering . . . by [a zoning applicant] of reasonable

conditions," Code §§ 15.1-491.2 and -491.2:1, "for the protection

of the community," Code § 15.1-491.1.  The dispositive issue in

this appeal is whether, under the facts and circumstances of this

case, the demand of a cash proffer by the Board of Supervisors of

Powhatan County (the Board) violates Code § 15.1-491.2:1.

                                 I

     Reed's Landing Corporation (the Developer) filed a petition

for declaratory judgment against the Board, seeking a declaration

that the Board unlawfully denied the Developer's rezoning

application.  The Developer alleged that the Board unlawfully

conditioned the rezoning upon a proffer of a cash payment.

     After hearing the evidence ore tenus, the trial court found

that the Board did act unlawfully by conditioning the rezoning

upon the proffer of a cash payment and directed the Board to

reconsider the Developer's rezoning application in the light of

the court's finding.  The Board appeals.

                                 II

According to well-established principles of law, we must view the evidence in the light most favorable to the Developer, the prevailing party at trial.  In 1983, Powhatan County enacted its zoning ordinance.  Article 18, entitled "CONDITIONAL ZONING," provides, in pertinent part, that a zoning applicant may request conditional zoning "by voluntary proffer . . . of reasonable conditions."  Article 18 also provides that the rezoning must give rise to the need for the conditions and that the conditions must have a reasonable relation to the rezoning.

On June 30, 1993, the Developer sought the rezoning of approximately 233 acres of land from an agricultural (A-1) zoning classification to a single-family residential (R-1) zoning classification.  The Developer's rezoning application met all requirements of the County's zoning ordinance and for an R-1 classification.

At the public hearing on the rezoning application, conducted by the Powhatan County Planning Commission on August 3, 1993, no one appeared in opposition to the Developer's request. The planning staff recommended approval of the rezoning, and the planning commission later unanimously recommended its approval. On August 9, 1993, however, the Board adopted "proffer guidelines" which set forth a "recommended" proffer of $2,439 per lot "to help defray costs of capital facilities related to new development."

The Developer's rezoning application first came before the

Board on September 13, 1993. At that time, the Developer proffered a cash payment "under protest," but the Board deferred the matter to its October 11, 1993 meeting.

At the October 11, 1993 Board meeting and public hearing on the Developer's rezoning application, no member of the public spoke in opposition to the rezoning request. It was apparent, however, that the Board would not approve the rezoning request unless the Developer agreed to pay $2,439 per lot, even though the Developer's counsel asserted that the cash proffer demand was illegal. The Developer refused to yield to the Board's demand, and the Board denied the rezoning request.

At trial, the County's Director of the Department of Planning and Community Development testified that a cash proffer of $2,439 per lot was "expected" prior to the approval of residential rezoning. He also testified that, since the Board adopted the proffer guidelines in August 1993, virtually no R-1 rezonings had been approved without the cash proffer.

In his letter opinion, the trial judge recognized that Code § 15.1-491.2:1 enabled the Board to accept "voluntary" proffers from applicants requesting a zoning change. He found, however, that "the sole reason for denial of [the Developer's] request was its failure or refusal to proffer $2439 per lot." The judge concluded, therefore, that "[t]he County is clearly imposing an impact fee not authorized by statute and which it is without power to impose."

III

Boards of supervisors, like other local governing bodies, have only those powers that the General Assembly, expressly or by necessary implication, confers upon them. Board of Supervisors v. Horne, 216 Va. 113, 117, 215 S.E.2d 453, 455 (1975); Gordon v. Fairfax County, 207 Va. 827, 832, 153 S.E.2d 270, 274 (1967); Board of Supervisors v. Corbett, 206 Va. 167, 174, 142 S.E.2d 504, 509 (1965). If there is a reasonable doubt whether legislative power exists, the doubt must be resolved against the local governing body. City of Richmond v. Confrere Club of Richmond, 239 Va. 77, 79-80, 387 S.E.2d 471, 473 (1990); Winchester v. Redmond, 93 Va. 711, 714, 25 S.E. 1001, 1002 (1896). However, when an enabling statute is clear and unambiguous, its intent is determined from the plain meaning of the words used, and, in that event, neither rules of construction nor extrinsic evidence may be employed. Confrere Club of Richmond, 239 Va. at 80, 387 S.E.2d at 473; Marsh v. City of Richmond, 234 Va. 4, 11, 360 S.E.2d 163, 167 (1987).

A plain reading of Code § 15.1-491.2:1 in the light of the foregoing principles of law demonstrates that a county is not empowered to require a specified proffer as a condition precedent to a rezoning. The statute clearly states that proffers of conditions by a zoning applicant must be made voluntarily.

In the present case, the trial court found that the sole reason the Board denied the rezoning request was the Developer's

- 4 -

refusal to proffer $2,439 per lot, a finding fully supported by the evidence. Therefore, under the facts presented, the proffer constituted a condition precedent and was not voluntary within the meaning of the statute. Consequently, we hold, as did the trial court, that the Board imposed an unlawful condition on the Developer.*T

IV

Accordingly, we will affirm the trial court's judgment and remand the case to the trial court with directions that it remand the matter to the Board for reconsideration of the Developer's rezoning application consistent with this opinion.

<u>Affirmed and remanded</u>.

---

*It is interesting to note that, since the enactment of Code § 15.1-491.2:1, the General Assembly has rejected all efforts to grant to localities greater power to charge landowners and developers with the capital costs associated with residential growth. <u>See</u>, <u>e.g.</u>, S.B. 788, 1989 Sess. (no action taken); S.B. 340, 1992 Sess. (passed by Senate, but stricken from House docket by Committee on Counties, Cities and Towns in 1993); H.B. 1138, 1992 Sess. (passed by indefinitely by Committee on Counties, Cities and Towns); H.B. 2323, 1993 Sess. (passed by indefinitely by Committee on Counties, Cities and Towns).