# CIRCUIT COURT OF CHESTERFIELD COUNTY

Patrick

v.

McHale

June 7, 2000

Case No. CH96-940

BY JUDGE HERBERT C. GILL, JR.

This case arises from the plaintiff's application for rezoning of a property, specifically a 48.5 acre parcel located east of Route 10 and south of Centralia Road. In 1995, plaintiff applied to have this property rezoned from Agricultural to R-9 residential. In 1996, plaintiff amended the application to request R-12 zoning. On September 25, 1996, the Chesterfield County Board of Supervisors voted to deny plaintiff's request for rezoning. On October 24, 1996, the plaintiff filed the motion for declaratory judgment that is the subject of this suit.

On March 30, 2000, the parties were before the Court for trial of this case without a jury. Upon conclusion of the evidence, the parties agreed to submit their closing arguments by brief. The Court has reviewed those briefs, as well as the applicable case law and statutes.

The Board's action denying Patrick's application was a legislative action, so it is presumed to be reasonable. *Board of Supervisors of Fairfax County v. Jackson*, 221 Va. 328, 333 (1980). However, the presumption of reasonableness is not conclusive. It merely shifts the burden of proof to the plaintiff to establish, by clear evidence, that the Board's action was unreasonable. *Jackson*, 221 Va. at 334. Once the Plaintiff has met that burden,

the Board can then offer further evidence of reasonableness. "If such evidence of reasonableness is sufficient to make the issue fairly debatable, the legislative action must be sustained." *Jackson*, 221 Va. at 333.

Patrick presented evidence that his proposed rezoning to R-12 was a reasonable use of the land, because property surrounding Patrick's parcel was zoned similarly. Specifically, there was evidence that the property bordering Patrick to the south is zoned R-15. Property bordering Patrick to the north is zoned R-12. However, the County presented evidence that plaintiff's property, at the time of the Board's decision, also bordered two large parcels that were zoned Agricultural. Patrick presented evidence that the Central Area Plan of the County's Comprehensive Plan provides for eventual zoning of this property as R-9 or R-12. But the County produced evidence that a significant portion of the area designated to be R-9 or R-12 is still currently zoned Agricultural.

The Board's decision is fairly debatable if "the evidence offered in support of the opposing views would lead objective and reasonable persons to reach different conclusions." *Board of Supervisors of Fairfax County v. Jackson*, 221 Va. 328, 333 (1980). It is clear from the evidence that both of the zoning choices at issue are reasonable uses of the land. "When, as here, the underlying zoning and the new zoning are both appropriate for the lot in question, a classic case of a 'fairly debatable' issue is presented." *Jackson*, 221 Va. at 335. The Court finds that the Board's decision to deny Patrick's rezoning application was fairly debatable. As a result, the Board's decision must stand.

Plaintiff also claims that the Board required a cash proffer or a dedication of public facilities from Patrick as a condition precedent to the Board's approval of the new zoning. Section 15.2-2283 of the Code of Virginia requires the Board to consider the impact of a re-zoning request on health, safety, and the general welfare of the public. Sections 15.2-2297 and 15.2-2298 of the Virginia Code allow the County to accept proffered conditions to alleviate the impact on public services and accept cash proffers to offset the cost associated with upgrading the public facilities to accommodate the new zoning.

However, the County "is not empowered to require a specified proffer as a condition precedent to a rezoning. The statute clearly states that proffers of conditions by a zoning applicant must be voluntary." *Board of Supervisors of Powhatan County v. Reed's Landing Corp.*, 250 Va. 397, 400 (1995). The Court heard testimony from three experts in this case. Mr. Scherzer and Mr. Balzer both testified for the plaintiff that, in their experience, a zoning application was usually not approved without the maximum cash proffer or a

dedication of equivalent value. Both also testified that no one from the Board ever mandated that Patrick make these proffers. Mr. Jacobson testified for the County that 50% of all zoning applications are approved without the maximum proffer and that any and all proffers from zoning applicants are made voluntarily. The Court finds that the Board did not require cash proffers or a dedication of land as an unlawful condition precedent to zoning approval.

Finally, the Court must determine whether the Board's action constituted a taking. To prevail on a Takings claim, the plaintiff has the burden of proving that he has been deprived of all economically viable use of his property. The evidence presented established that the plaintiff cannot develop the land as it is currently zoned and that he cannot build a residence on the property as it sits currently. He could, however, build a residence by obtaining a variance. "The loss of the ability to develop or use the land as originally intended is not a categorical taking if another economic use for the land is available, even if the value of the use is less than the value attached to the owner's desired use." *Board of Supervisors of Prince William County v. Omni Homes, Inc.*, 253 Va. 59, 67, 481 S.E.2d 460 (1997).

In addition, there has been no taking of Patrick's "distinct investment-backed expectations" since the property was zoned Agricultural when the plaintiff acquired it. Patrick did not buy the property "in reliance on a state of affairs that did not include the challenged regulatory regime." *Omni*, 253 Va. at 68. On the contrary, the Agricultural zoning has been in place at all times since Patrick acquired it, so the board has not taken any action to diminish the value of the property by denying the zoning application.

The evidence further established that the property was suitable for farming or cultivating timber, and that the property has significant value as an investment, as its value has increased steadily since it was acquired by the Plaintiff's family in 1959. The Court holds that there has been no taking of the Plaintiff's property.

Plaintiff has also asserted an equal protection claim, alleging that the Board's "arbitrary and capricious" denial of Patrick's zoning application was unconstitutional. Plaintiff alleges that he was treated differently than other property owners who own land covered by the Central Area Plan whose properties were zoned residential and that the Agricultural zoning is "inappropriate, unreasonable, and economically unfeasible." As stated above, the Court has held that the zoning was reasonable and that plaintiff has not lost all economically viable use of the land. Furthermore, "a claim of unlawful discrimination cannot prevail if there is a rational basis for the action alleged to be discriminatory." *Arlington County v. Bratic*, 237 Va. 221, 229-30, 377 S.E.2d 368 (1989). The Board offered evidence that the denial of zoning was

due to health, safety, and welfare concerns, which provide a rational basis for differential treatment. The Court holds that there has been no denial of equal protection by the Board in this case.